

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
05/05/2015

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JESSE E. HOOEY and | ) | CASE NO. 15-31914-H3-13 |
| BENNIE H. HOOEY, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Debtor's Emergency Motion for Continuation of the Automatic Stay Pursuant to 11 U.S.C. Section 362(C)(3)(B)" (Docket No. 24). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Jesse E. Hooey and Bennie H. Hooey ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April 6, 2015.

The instant case is Jesse Hooey's fourth case under Chapter 13. Jesse Hooey filed the previous three cases (Case Nos. 09-34567-H3-13, 12-34743-H3-13, and 15-30061-H3-13) pro se.

The instant case is Bennie Hooey's fourth case under Chapter 13.  Bennie Hooey filed two of the previous three cases (Case Nos. 04-45623-H3-13 and 10-35609-H3-13) with the assistance of counsel, and filed the other case (Case No. 09-39099-H3-13) pro se.

In the instant case, Debtors are represented by counsel.  Debtors have filed credit counseling certificates, schedules, a statement of financial affairs, a statement of current monthly income and calculation of disposable income, and payment advices.  Debtors have proposed a Chapter 13 plan which proposes to pay 100 percent to unsecured creditors.

At the hearing on the instant case, Jesse Hooey testified that Debtors' business, in which Jesse Hooey serves as a master electrician, generates sufficient revenue to enable the payment of the salaries of both Debtors.  He testified that revenue of the business has continued to grow.

In the instant motion, Debtors seek extension of the stay as to all creditors.  The instant motion is opposed by HMM Company Inc. ("HMM").  HMM contends that Debtors have failed to include arrearages owed to HMM in their plan.[1]

---

[1]The court notes that there is some dispute as to whether Debtors requested information regarding the current status of Debtors' debt to HMM before filing the petition in the instant case.  Although the question of whether the schedules are accurate is important to the development of the instant case, and relevant to the question of whether the instant case was filed in good faith, the dispute over whether the information is accurate

One case was pending within the year previous to the filing of the instant case.  Jesse Hooey filed Case No. 15-30061-H3-13 on January 5, 2015.  That case was dismissed on January 21, 2015, for failure of Mr. Hooey to file a mailing matrix.  (Docket No. 14, Case No. 15-30061-H3-13).

<u>Conclusions of Law</u>

Section 362(c)(3)(A) of the Bankruptcy Code provides that, if an individual debtor files, <u>inter alia</u>, a Chapter 13 case, within one year after the Debtor's previous case was pending, the automatic stay terminates on the 30th day after the date of filing of the petition.  11 U.S.C. § 362(c)(3)(A).

The court may extend the automatic stay, if the filing is in good faith as to the creditors to be stayed.  11 U.S.C. § 362(c)(3)(B).

Section 362(c)(3)(C) provides in pertinent part:

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) -

(i) as to all creditors, if -

* * *

(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a

is not sufficient in the instant case to tip the balance in favor of denial of the instant motion.  The court notes that HMM may file a proof of claim, a motion for relief from stay, or an objection to confirmation if it believes the information regarding its claim is inaccurate.

3

> debtor was dismissed within such 1-year
> period, after the debtor failed to -
>
> > (aa) file or amend the petition or other
> > documents as required by this title or
> > the court without substantial excuse
> > (but mere inadvertence or negligence
> > shall not be a substantial excuse unless
> > the dismissal was caused by the
> > negligence of the debtor's attorney);

11 U.S.C. § 362(c)(3)(C).

On the question of whether the presumption applies that the case was not filed in good faith, the opponent of the extension (HMM, in the instant case) bears the burden of proof as to whether the case was dismissed after Debtor failed to file or amend the petition or other documents as required by Title 11 or the court without substantial excuse.  In re Charles, 334 B.R. 207 (Bankr. S.D. Tex. 2005).

In the instant case, there is insufficient evidence to conclude that Jesse Hooey's failure to file the mailing matrix is without substantial excuse.  The court concludes that HMM has not met its burden of proof on this issue.  The court concludes that no presumption applies with respect to the instant case.

In the instant case, Debtors have filed credit counseling certificates, schedules, a statement of financial affairs, a statement of current monthly income and calculation of disposable income, payment advices, and a Chapter 13 plan.  An order has been entered providing for payment of Debtors' Chapter 13 plan payments by electronic funds transfer.  The court

4

concludes that the instant case was filed in good faith.

Based on the foregoing, a separate Judgment will be entered granting the "Debtor's Emergency Motion for Continuation of the Automatic Stay Pursuant to 11 U.S.C. Section 362(C)(3)(B)" (Docket No. 24).

Signed at Houston, Texas on May 5, 2015.


LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE